(2) That the evidence adduced herein is insufficient to overcome the presumption of correctness (28 U.S.C. § 2633) that is attached to the values found by the appraiser.

(3) That the statutory export value for the items involved herein is, in each instance, the appraised value.

Judgment will be rendered accordingly.

(Reap. Dec. 9911)

H. W. ROBINSON & CO., INC. *v.* UNITED STATES

Entry No. 40035, etc.

(Decided February 15, 1961)

*Barnes, Richardson & Colburn* for the plaintiff.
*William H. Orrick, Jr.*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals for reappraisement listed in the Schedule hereto annexed and made a part hereof are the same in all material respects as the issues ·in *Paramount Import Co., Inc., et al.* v. *United States,* Reap. Dec. 9697 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise involved in the cases listed in the Schedule hereto annexed less additions made by the importer on entry because of advances made by the Appraiser in similar cases is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Czechoslovakia in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, packed ready for delivery, and that the foreign values of such or similar merchandise were no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be submitted on the foregoing stipulation.

In the incorporated case, I held that a charge of 15 per centum paid by the American importer to a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market was a *bona fide* buying commission and, as such, did not enter into the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tarif

Act of 1930, and hold that such statutory value therefor is the appraised values, less additions made by the importer on entry because of advances made by the appraiser in similar cases.

Judgment will be rendered accordingly.

(Reap. Dec. 9912)

W. J. BYRNES & CO., INC., OF NEW YORK ET AL. *v.* UNITED STATES

Entry No. 3608, etc.

(Decided February 15, 1961)

*Barnes, Richardson & Colburn* for the plaintiffs.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, have been submitted for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that the issues in the appeals for reappraisement listed in the Schedule hereto annexed and made a part hereof are the same in all material respects as the issues in *Paramount Import Co., Inc., et al.* v. *United States,* Reap. Dec. 9697 and that the record in said case may be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that the appraised values of the merchandise involved in the cases listed in the Schedule hereto annexed less additions made by the importer on entry because of advances made by the Appraiser in similar cases is equal to the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Czechoslovakia in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, packed ready for delivery, and that the foreign values of such or similar merchandise were no higher.

IT IS FURTHER STIPULATED AND AGREED that these cases may be submitted on the foregoing stipulation.

In the incorporated case, I held that a charge of 15 per centum paid by the American importer to a foreign commissionaire for services rendered in connection with the purchase of merchandise in the foreign market was a *bona fide* buying commission and, as such, did not enter into the dutiable value of the merchandise.

On the agreed facts and following my cited decision on the law, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402 (d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised values, less additions made by the importer on entry because of advances made by the appraiser in similar cases.

Judgment will be rendered accordingly.